**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                              )<br>          Plaintiff,                       )<br>                                                              )<br>vs.                                                       )<br>                                                              )<br>GREGORY HOFFMAN,                 )<br>                                                              )<br>          Defendant.                   )<br>_____) | Case No.: 2:08-CR-027-GMN-GWF<br><br>**ORDER** |

Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (ECF No. 127), the Government's Response (ECF No. 129) and the Petitioner's Reply (ECF No. 132).

Petitioner claims relief is warranted because his trial counsel was ineffective on several grounds. The first three grounds are closely related. Petitioner claims his trial counsel was ineffective for 1) failing to address the sentencing discretion authorized by *Kimbrough v. United States*, 552 U.S. 85 (2007); 2) failing to argue during sentencing that the court was required to consider whether to exercise this discretion; and 3) failing to file a sentencing memorandum regarding the same. The fourth ground claims Petitioner's trial counsel was ineffective for failing to send his written apology letter to the court.

**A.   BACKGROUND**

Petitioner, Gregory Hoffman, was sentenced by the Honorable Robert "Clive" Jones on April 30, 2010 to a term of 240 months of imprisonment for Transportation of Child Pornography[1] and a consecutive term of 60 months imprisonment for Stalking[2] with a Lifetime term of supervised release. (ECF No. 64).

The factual basis for Mr. Hoffman's plea of guilty is derived from the written Plea

---

[1] In violation of 18 U.S.C. § 2252A(a)(1).
[2] In violation of 18 U.S.C. § 2261A(2)(A).

Agreement. (ECF No. 43)  Hoffman admitted that he possessed two compact discs with over a thousand images from a known child pornography series. *Id.* at 13.  He further admitted that he repeatedly sent emails to a victim of a known child pornography series, as well as one of the victim's friends. *Id.* at 10-13.  Hoffman further admitted that "[t]he course of conduct defendant engaged in with his repeated e-mails to [the victim] and to her friend, caused substantial emotional distress to [the victim].  Additionally, defendant's act in sending an e-mail containing child pornography depicting [the victim] to her minor friend caused substantial emotional distress to [the victim]." *Id.* at 13.

The Plea Agreement signed by the Petitioner provided the sentencing guideline offense level calculation agreed to by the parties[3] and then explicitly stated that, "the defendant may not seek a downward departure pursuant to U.S.S.G. 5K 1.1 or a downward adjustment pursuant to 18 U.S.C. 3553 from any sentence that may be imposed within the applicable sentencing range, as determined by the Court. (ECF No. 43 at p.4, ll. 2-4).  Furthermore, the parties agreed to jointly recommend a sentence at the low-end of the guideline range to run consecutively to each other.

At that sentencing hearing, in accordance with the plea agreement, Hoffman's counsel did not recommend a sentence below the low-end of the guideline range.  Judge Jones imposed the statutory maximum and articulated his justification at sentencing as follows:

> I am required to protect the public; and because I do think that you really do have a serious problem, just like other problems.  I'm not condemning you any more than I might condemn a defendant in another type of a crime, someone who's addicted to drugs or addicted to sex or addicted to eating too much.  All of us share to some extent or another in those various addictions so I'm not pointing at you a finger that makes you different or the object of hate or spite by any of us because we are all guilty of those various addictive type behaviors.  But I do believe, and I honestly conclude and find that you are firmly implanted in that addiction.  That is your

---

[3] The defendant was authorized to argue whether the child pornography material portrays sadistic or masochistic conduct or other depictions of violence and whether the offense involved more than 600 images.

> predilection. That is your tendency, your desire; and a short sentence or anything shorter than the statutory maximum, just simply would not be sufficient to protect the public.
>
> Number one factor in my mind is protecting the public because of your own particular circumstances. I don't think I can afford to have what otherwise would be a merciful stance because I just don't think I'm capable of protecting the public other than by setting the maximum sentence. I'm required to look at your own particular circumstances and I appreciate that. You don't have a criminal record of drug violations or shooting people or holding up banks, but you do have the background and circumstance and learned behavior that you have and that's what we deal with; and statutory maximum is all really that would satisfy addressing the minimum sentence necessary to help you with that problem.

(ECF No. 127-2, Ex A Part 2 - Transcript of Sentencing Hearing, at 33-34.)

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

All three of Petitioner's claims assert a form of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court recently explained:

> "To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."

*Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 787 (2011) (citations and quotations omitted). The Court further explained that "surmounting [this] high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 599 U.S. __, 130 S.Ct. 1473, 1485 (2010).

The Ninth Circuit has likewise stated that in reviewing ineffective assistance rulings, it

> "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. We take every effort

>to eliminate the distorting effects of hindsight, give the attorneys the benefit of the doubt, and entertain the range of possible reasons counsel may have had for proceeding as they did. Thus, even under de novo review, the standard we apply is a most deferential one. The question is whether counsel's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."

*Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011) (internal citations omitted).

To demonstrate prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687.

### 1. Failure to Address Court's Discretion at Sentencing

Petitioner first claims his trial counsel was ineffective for failing to address the court's sentencing discretion as recently authorized by *Kimbrough* and *Spears v. United States*, 555 U.S. 261 (2009) as it related to Petitioner's child pornography conviction. Petitioner argues that the sentencing guidelines applied to child pornography were Congressionally-mandated and not the result of any empirical study. He notes that the Sentencing Commission has stated that it is currently "undertaking a thorough examination of these offenses and the offenders who commit them, including the technological and psychological issues associated with child pornography offenses." *See U.S. Sentencing Comm'n*, February 15, 2012 Public Hearing Transcript. Citing to *Strickland v. Washington*, Petitioner asserts that it is probable that he would have received a lesser sentence had this argument been raised. 466 U.S. 668, 687-88 (1984).

However, as the Government points out, Petitioner's argument ignores the language of the plea agreement wherein he expressly agreed to not seek a downward departure and to instead jointly recommend a sentence in the low-end of the guideline range. (ECF No. 43). If defense counsel had argued for a departure as Petitioner now claims he should have, then

defense counsel would have breached the plea agreement.  As the Government explains in its Response, if the plea agreement was breached, "the Government could have withdrawn from the plea agreement and tried Hoffman on all five counts, exposing him to a much longer sentence." (ECF No. 129 at 7, ll. 20-121).

Nevertheless, Petitioner argues in his Reply that,

> "a discussion of the Court's discretion to vary from the guideline range and/or that section 2G2.2 was not revised pursuant to an empirical study by the Sentencing Commission is not a breach of the Plea Memorandum's provision precluding argument regarding section 3553 factors and/or a sentence below a guideline range."

(ECF No. 132 at 2, ll.23-27).  Petitioner explains that "the range of reasonably competent assistance required trial counsel merely to shed light upon this Court's ability to vary" from the calculation provided by guideline section 2G2.2. (*Id.* at 5, ll. 14-16).  Essentially, Petitioner is claiming that "shedding light upon the court's ability" or reminding the court of its ability to vary from the guidelines, without specifically requesting that the court do so, does not breach the plea agreement.  While it is doubtful that the same logic would be appropriate if the reverse occurred and the Government were the one to remind the Court of its discretion to impose a higher sentence stopping just short of actually requesting a higher sentence.  Fortunately, the issue need not be resolved in this petition because Petitioner has failed to demonstrate that the court was not aware of its discretion or that defense counsel was required or obligated[4] to advise the court of its advisory power.

Petitioner cites to *United States v. Henderson*, 649 F.3d 955 (9th Cir. 2011) which held that a court may vary from the child pornography guidelines for policy reasons.  This case did not, however, hold that defense counsel would be ineffective if it failed to advise the court of such.  Rather, the *Henderson* opinion itself already served that purpose and shed light upon the

---

[4] Petitioner consistently argues that "trial counsel was obliged to inform the court that it was within the court's discretion to disregard the child pornography Sentencing Guidelines." (ECR No. 132 at 7, ll. 1-2.)

court's ability.  Petitioner has failed to cite any other legal authority supporting its claim. Therefore, Petitioner fails to present a claim for relief.

Furthermore, the probability that Judge Jones would have rendered a shorter sentence is belied by the Court's own remarks at sentencing, "…anything shorter than the statutory maximum, just simply would not be sufficient to protect the public." (ECF No. 127-2, Ex. A Part 2 - Transcript of Sentencing Hearing, at 33-34).  There is no reason to believe that Judge Jones thought that the sentencing range was excessive or that he mistakenly believed that had no discretion to vary from the statutory maximum based upon policy disagreement or any other reason.  Accordingly, Petitioner has failed to demonstrate prejudice.

### 2. Failure to Argue *During Sentencing*

Petitioner's second claim is similar to the first but with a specific emphasis on the trial counsel's conduct at the hearing.  Petitioner claims that his counsel was ineffective for failing to argue *during sentencing* that the sentencing court was required to consider the argument stated above in determining whether to actually grant a variance.  Petitioner argues counsel failed to affirmatively request that the court articulate its position regarding the child pornography policy prior to the rendering of the sentence and again cites to *United States v. Henderson, supra*.

However, "[t]rial judges are presumed to know the law and to apply it in making their decisions." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008), quoting *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).  Absent any contrary indication, the presumption is that the Court was aware that it had discretion under *Kimbrough* to depart below the low-end of the guideline range if it had chosen to do so, regardless of the recommendation of the parties, and simply chose not to do so.  Furthermore, Judge Jones referenced the statutory maximum, not the guideline maximum.  Likewise, the record reveals the opinion of the sentencing judge that the maximum

sentence was not more than necessary.  Petitioner has failed to demonstrate a reasonable basis to believe the court was not aware of its ability to depart from the recommended guideline range and exercise its discretion.  Nor has the Petitioner demonstrated the probability that a sentence less than the statutory maximum would have been imposed had the court been reminded of its discretion,  especially in light of the court's remarks at sentencing with the particularly disturbing facts presented in his case.

### 3. Failure to File a Sentencing Memorandum

Petitioner's third claim is that his counsel was ineffective for failing to file a Sentencing Memorandum detailing the arguments discussed above and informing the sentencing court of its obligation to articulate whether it agrees with the child pornography guidelines on policy grounds.  For the same reasons stated above, the Petitioner has failed to persuade this Court that filing such a sentencing memorandum 1) was permissible pursuant to the plea agreement; 2) was required by law; 3) was necessary in order to remind this particular court of its discretion; or 4)  was appropriate and consequential for any other reason.  Petitioner's counsel was not ineffective nor was  his counsel's conduct prejudicial.

### 4. Failure to Provide the Court with Petitioner's Apology Letter

Petitioner claims that he was prejudiced by the failure of his counsel to send an apology letter to the court. (ECF No. 132 at 10, ll. 8-9).  This apology letter was allegedly written to the victim Petitioner stalked and was written while he was incarcerated and mailed to trial counsel's office. *Id.* at 10, ll. 1-4.  Furthermore, the Petitioner recalls a meeting with trial counsel wherein the letter was discussed. *Id.*  Unfortunately, no copies of the letter were kept by the Petitioner nor is there any affidavit attesting to its contents.  Nevertheless, Petitioner was provided an opportunity to allocate during sentencing and he did, in fact, apologize to the victims during sentencing.  Petitioner has failed to provide any reason to assume that the court would have given the written letter any import.  The court remarked upon Petitioner's apology

with apparent skepticism saying.

> "I appreciate your statement that you're raising the white flag but to be honest with you, I take it in -- not in any kind of guilty or sorrowful sense. I take it because I really don't accept any proposition that you've realized the wrongfulness and, therefore, motivation to stop engaging in this particular conduct. Honestly, as I sit here, I don't think you have that realization."

ECF No. 127-2 at 32-33). The Court specifically stated that Petitioner's apology was not an important consideration in determining the appropriate sentence. The court then specifically disregarded its own opinion regarding the apology saying, "[b]ut that's neither here nor there." *Id.* Rather, the Court explained it was actually focusing primarily upon the safety of the community:

> "Number one factor in my mind is protecting the public because of your own particular circumstances. I don't think I can afford to have what otherwise would be a merciful stance because I just don't think I'm capable of protecting the public other than by setting the maximum sentence. I'm required to look at your own particular circumstances and I appreciate that."

*Id.* Therefore, Petitioner fails to demonstrate how a written apology letter filed with the court rather than the oral apology expressed in the courtroom would have changed the court's opinion and affected Petitioner's sentence.

### C. CONCLUSION

Petitioner's allegations, viewed against the record, do not state a claim for relief. Therefore, summary dismissal without an evidentiary hearing is warranted. *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir 1989). Accordingly, the Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (ECF No. 127) is **DENIED**.

**DATED** this 6th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge