# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | )  Case No.: 2:08-cr-00027-GMN-GWF |
| vs. | ) |
| | )  **ORDER** |
| GREGORY HOFFMAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is the Motion to Change Schedule of Financial Obligation Payments, (ECF No. 177), filed by pro se Defendant Gregory Hoffman ("Defendant"). The Government filed a Response, (ECF No. 179), and Defendant filed a Reply, (ECF No. 180).[1]

## I. BACKGROUND

On April 26, 2010, Defendant pled guilty to Transporting Child Pornography in violation of 18 U.S.C. § 2256(8) and 18 U.S.C. § 2252A(a)(1), and Stalking in violation of 18 U.S.C. § 2252A(a)(1). (*See* Mins. of Proceedings, ECF No. 63). On April 30, 2010, the Court sentenced Defendant to 300 months imprisonment and lifetime supervised release with special conditions. (J., ECF No. 64). The Court also ordered Defendant to pay $152,252.91 in restitution pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S. § 3664. (*Id.* at 6). The Court provided that "[m]onetary penalties shall be paid at a rate of 50% of any institutional wages followed by monthly payments of not less than 10% of gross income, subject to upward adjustment based on ability to pay." (*Id.*).

---

[1] Also pending before the Court is Defendant's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 181), and Defendant's Motion for Copies, (ECF No. 182). The Government did not file a response to either motion, and the time to do so has now passed. For good cause appearing, the Court GRANTS Defendant's Motion for Copies, (ECF No. 182), and DENIES as moot Defendant's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 181).

On August 19, 2016, Defendant filed the instant Motion to Change Schedule of Financial Obligation Payments, (ECF No. 177), in which he asks the Court to "permit a payment schedule that would require payment to be made during his term of supervised release in lieu of his current schedule of payments that entail special instructions." (Mot. to Change Scheduled of Financial Obligation Payments ("Payments Mot.") at 1). Defendant asks the Court to at least "set a payment plan based on the Court's reassessment and the Defendant's ability to pay." (*Id.* at 2).

## II. LEGAL STANDARD

A court has authority to amend a restitution requirement in a defendant's judgment pursuant to 18 U.S.C. § 3664(k). Section 3664(k) states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of *any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.* The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k) (emphasis added). Moreover, § 3664(o) states in relevant part: "A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that (1) such a sentence can subsequently be . . . (D) adjusted under section 3664(k)." 18 U.S.C. § 3664(o).

## III. DISCUSSION

In the instant Motion, Defendant asks the Court to alter his payment schedule to either allow him to make payments during his term of supervised release, or to at least amend

Defendant's payment plan based on Defendant's ability to pay. (*See generally* Payments Mot.). Presently, Defendant's payment schedule is pursuant to special instructions from Judge Robert C. Jones that state "[m]onetary penalties shall be paid at a rate of 50% of any institutional wages followed by monthly payments of not less than 10% of gross income, subject to upward adjustment based on ability to pay." (J. at 6, ECF No. 64).

The Government objects to Defendant's Motion, arguing that § 3664(k) does not apply because § 3664(k) requires a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). The Government asserts that the "only change identified by Defendant in his motion is that he is no longer earning institutional wages" as Defendant has "voluntarily withdrawn from participation in the Inmate Financial Responsibility Program." (Resp. 7:9–19, ECF No. 179). Defendant refutes this allegation, stating that he "is in fact currently employed at the institution." (Reply at 1, ECF No. 180). Defendant states that, due to a medical reason causing extreme lower back pain, he was "forced to resign" from his previous employment position and had to "secure a less taxing employment position that pays $5.25 per month." (*Id.* at 2).

Similarly in *United States v. Vega*, the defendant moved to amend his judgment to change or to reduce his restitution payments due to medical conditions. *U.S. v. Vega*, 2007 WL 1655229, at *1 (W.D. Wash. June 6, 2007). The court declined to do so on the ground that: "[the defendant has] not shown a material change in his economic circumstances. [The defendant] alleged in his original motion that he is unable to work due to medical conditions. . . . Because [the defendant] has not shown a change in circumstances affecting his ability to pay restitution, 18 U.S.C. § 3664(k) does not provide a vehicle through which [the defendant] may seek adjustment of the restitution order." *Id.*

Here, Defendant failed to plead a material change in his economic circumstance in his Motion. In fact, Defendant seeks to suspend payments altogether until he is on supervised

release. (Payments Mot. at 1).  The Court does not find this request reasonable.  The relevant inquiry is whether there has been a material change in Defendant's ability to pay after the Court ordered restitution, and the Court concludes that Defendant has not shown a material change in his economic circumstance to require adjustment under § 3664(k).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Gregory Hoffman's Motion to Change Schedule of Financial Obligation Payments, (ECF No. 177), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Copies, (ECF No. 182), is **GRANTED** and that Defendant's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 181), is **DENIED as moot**.  The Clerk of Court shall provide Defendant the copies of the following orders free of charge: Motion to Vacate under 28 U.S.C. 2255, (ECF No. 58), and Amended Motion to Vacate under 28 U.S.C. 2255, (ECF No. 127); Response to Motion to Vacate, (ECF No. 113), and Response to Amended Motion to Vacate, (ECF No. 129); Sealed Reply to Response, (ECF No. 116), and Reply to Response, (ECF No. 132); Minutes of Proceedings, (ECF No. 63); and Judgment as to Gregory Hoffman, (ECF No. 64).

**DATED** this __23__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge