## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,   )
                            )
              Plaintiff,    )   Case No.: 2:08-cr-00027-GMN-GFW-1
     vs.                    )
                            )   **ORDER**
GREGORY HOFFMAN,            )
                            )
              Defendant.    )
                            )

Pending before the Court is Defendant Gregory Hoffman's ("Defendant's") Motion for Compassionate Release, (ECF No. 187). Defendant filed an Addendum to his Motion for Compassionate Release, (ECF No. 192), and Defendant's appointed counsel additionally filed a Supplement to Defendant's Motion for Compassionate Release, (ECF No. 195). The Government filed a Response, (ECF No. 197), to which Defendant filed a Reply, (ECF No. 198). Defendant also filed two Supplements to his Reply, (ECF Nos. 199–200).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Compassionate Release.

**I.    BACKGROUND**

On November 30, 2009, Defendant Hoffman pleaded guilty to two counts of the Superseding Indictment—Count One of Transporting Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and Count Four of Stalking, in violation of 18 U.S.C. § 2261A(2)(A). (*See* Mins. Proceedings, ECF No. 42); (J., ECF No. 64). On April 26, 2010, the Court sentenced Defendant to 240 months' imprisonment as to Count One and 60 months' imprisonment as to Count Four, to run consecutively, and to be followed by a lifetime term of supervised release with special conditions. (*See* Mins. Proceedings, ECF No. 63); (J., ECF No.

64). Defendant is presently in custody at FCI Marianna, a Federal Correctional Institution in Marianna, Florida. (Second Suppl. to Def.'s Reply 1:20–24, ECF No. 199). Defendant now petitions this Court for compassionate release.

## II.   LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13. The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.* The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III.   DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies, and that the combination of the pandemic and Defendant's Type-One diabetes

present extraordinary and compelling reasons for his release.[1] (Resp. 8:3–7, ECF No. 197). The Government, however, opposes release because "the 3553(a) factors do not weigh in favor of release, and because Hoffman's release would endanger the community." (*Id*. 8:7–9). As such, the Court's analysis is limited to a discussion of whether Defendant has demonstrated that his release would not present a danger to the public, as well as whether release is warranted under the 18 U.S.C. § 3553(a) factors.

**A. Danger to the Public**

The Government argues that Defendant's propensity for engaging in dangerous, predatory, and violent conduct overwhelmingly suggests that Defendant poses a risk of danger to the community. (Resp. 9:11–22). In his Reply, Defendant asserts that the recidivism statistics for older defendants and particular characteristics of this case do not demonstrate Defendant's capacity to reoffend. (Reply 2:26–28, ECF No. 198).

Under 18 U.S.C. § 3142(g), an inmate may be granted compassionate release only if he is not a danger to any other person or to the community. *See United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."). In assessing whether the Defendant presents a danger to the community, the Court should consider factors such as: (1) the nature and circumstances of the offense charged, including whether the offense involved violence or a controlled substance; (2) the weight of evidence against the defendant; (3) the defendant's history and characteristics, including physical and mental condition, criminal history, and family ties; and (4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

---

[1] The CDC lists adults of any age with Type 1 diabetes as a group with increased risk for severe illness from COVID-19. *See* People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html/ (last visited Jan. 20, 2021).

Pursuant to § 3142(g), the Court first considers the nature and circumstances of the offense for which Defendant was convicted. Defendant pleaded guilty to one count of Transporting Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and one count of Stalking, in violation of 18 U.S.C. § 2261A(2)(A). (*See* J., ECF No. 64). In his Plea Agreement, Defendant admitted to sending multiple lewd and sexualized messages on MySpace to a victim of a known child pornography series. (Plea Agreement 11:3–12:5, ECF No. 43). Defendant also admitted to tracking down the victim's friend, who was also a minor at that time, and sending child pornographic images and videos to the victim's friend on MySpace. (*Id*. 11:6–13:2). As described, Defendant's underlying offense of conviction involved ongoing conduct in which Defendant targeted minors, harassed them, and verbally abused them. (PSR ¶¶ 7–16).

Regarding the weight of the evidence, the Court finds that the second factor is largely irrelevant in a motion for compassionate release as Defendant has been convicted and sentenced. The Court simply notes that Defendant's guilt and his criminal conduct is established by the admissions he made in his guilty plea.

As to Defendant's history and characteristics, the Court finds that Defendant presents a high risk of causing harm to others if released. Defendant asserts that "sex offenses are misunderstood in terms of their recidivism rates" and accordingly, "the fact that [Defendant] engaged in deplorable conduct many years ago does not change the fact that he should now be considered for compassionate release." (Reply 4:1–7). Additionally, Defendant claims that his low recidivism rate as determined by the BOP and his plan for home confinement mitigate the danger he could pose to the public. (Addendum to Mot. Compassionate Release at 2, ECF No. 192).

Several courts have analyzed similar requests for compassionate release in light of the COVID-19 pandemic and concluded that a defendant convicted of receipt of child pornography

should not be released to home confinement, where there is a risk he will reoffend. *See United States v. Mitchell*, No. 2:12-CR-0401 KJM, 2020 WL 2770070, at *3 (E.D. Cal. May 28, 2020), reconsideration denied, No. 2:12-CR-00401-KJM, 2020 WL 7695603 (E.D. Cal. Dec. 28, 2020); *see also United States v. Vandegrift*, No. 6:18-CR-06044 EAW, 2020 WL 6049707, at *2 (W.D.N.Y. Oct. 13, 2020) (denying compassionate release because Defendant's criminal history "includes harassing and stalking minor females, sending pictures of his penis and videos of himself masturbating, and requesting nude photographs" demonstrated that Defendant's release would endanger the community"). In *United States v. Brazil*, the Defendant similarly argued that "a conviction for possessing child pornography should not be an outright bar to compassionate release." *United States v. Brazil*, No. 1:18-CR-00157-NONE, 2020 WL 6044177, at *7 (E.D. Cal. Oct. 13, 2020). However, given that the Defendant in *Brazil* "repeatedly engaged in criminal behavior with respect to minors and . . . failed to establish his rehabilitation with respect to such behavior," the Eastern District of California determined that the defendant remained a danger to the community. *Id*.; *see also United States v. Mitchell*, 2:12-cr-0401 KJM, 2020 WL 2770070, at *3 (E.D. Cal. May 28, 2020).

Likewise, the Court finds that Defendant's pattern of behavior pre-incarceration demonstrates his danger and a risk of reoffending if he is released to home confinement, where there is a risk Defendant could reoffend. Indeed, Defendant's targeted communications with minors in his underlying offense involved messages over an online platform, Myspace. (PSR ¶¶ 7–16); *see also United States v. Brazil*, No. 1:18-CR-00157-NONE, 2020 WL 6044177, at *7 (E.D. Cal. Oct. 13, 2020) ("Defendants convicted of possessing child pornography face an uphill battle in seeking compassionate release because, in part, the relative ease in reoffending in today's society with the prevalence of internet-based devices allowing individuals to view such illicit materials."). The Court acknowledges that Defendant's prior conduct should not outright bar his consideration for compassionate release. Defendant, however, fails to

demonstrate that he has rehabilitated from such behavior. *See e.g.*, *USA v. Fischman*, No. 16-CR-00246-HSG-1, 2020 WL 2097615, at *3 (N.D. Cal. May 1, 2020) (granting compassionate release because the Defendant, charged with possession of child pornography, took steps to rehabilitate himself); *United States v. Purry*, No. 214CR00332JADVCF, 2020 WL 2773477, at *2 (D. Nev. May 28, 2020) (granting compassionate release based, in part, on Defendant's submitted supplements which demonstrated that Defendant was a model inmate during his incarceration and availed himself to numerous programs).

Indeed, the Court cannot ignore the underlying facts of Defendant's offense and Defendant's conduct while in custody awaiting sentencing that suggest that Defendant would present a danger to the community if released. At sentencing, the Government uncovered that, even after Defendant was arrested, indicted, and in custody, Defendant was found with possession of child erotica in his cell and continued to write letters to minors expressing his sexual attraction to them. (Transcript 20:4–21:6, ECF No. 79). Though Defendant claims that no prison discipline records have been produced to demonstrate that Defendant engaged in improper conduct while serving his current sentence, Defendant has "a strong history and background of not only downloading and viewing child pornography but also contacting children and making attempts against children, including the stalking conduct alleged here." (*Id.* 34:17–20). The underlying conduct of Defendant's offense demonstrates that Defendant not only possessed information to contact minors but acted upon such information by sending minors lewd messages and pornographic material. (Plea Agreement 11:3–13:2). Defendant's history targeting minors and the lack of information regarding Defendant's rehabilitation with respect to such behavior suggest that Defendant continues to remain a danger to the public. Accordingly, the Court finds that the serious nature and circumstances of the offense charged, Defendant's history, and his characteristics weigh in favor of denying release.

**B.  18 U.S.C. § 3553(a) Factors**

As discussed above, the nature and circumstances of the offenses were serious, and Defendant's history of targeting, contacting, and verbally abusing minors do not support early release.  In addressing the § 3553(a) factors at sentencing, Judge Robert C. Jones concluded that "the problem in [Defendant's] particular case and why . . . statutory minimums would not suffice is because [Defendant] pursue[s] the children, and that the Court has to take into serious account in order to protect the public from [Defendant's] learned behavior." (Transcript 35:4–8).  The Court's assessment at the time of sentencing, and its continued assessment, is that Defendant is dangerous, and his release would endanger the public.  On balance, the Court finds that granting Defendant's Motion for Compassionate release would not be consistent with the § 3553(a) sentencing factors given the nature and circumstances of the offense.[2]  The Court therefore denies Defendant's Motion for Compassionate Release.[3]

//

//

//

//

---

[2] In his Motion, Defendant also argues that his housing unit at USP Yazoo, Mississippi is a "high-risk environment" because an inmate housed in the same housing unit as Defendant died from COVID-19 exposure on May 2, 2020. (Mot. Compassionate Release at 1).  Defendant, however, has since been moved to another facility, FCI Marianna, and does not claim in his Reply or two Supplements that FCI Marianna is similarly "high-risk." (*See* Second Suppl. to Def.'s Reply 1:20–24).  While FCI Marianna is currently reporting 77 inmates and 17 staff members with confirmed active cases of COVID-19, the number of infected inmates and staff members alone does not warrant Defendant's release. *See United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."); COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 22, 2021).

[3] Defendant also argues that the "[u]nreasonable risk of COVID-19 contraction will, in itself, constitute an Eight Amendment violation." (Suppl. to Mot. Compassionate Release 13:7–9, ECF No. 195).  Defendant, however, concedes in his Reply that "there is likely not enough evidence to raise an Eighth Amendment claim at this point." (Reply 5:12–14).  The Court agrees and finds that Defendant has failed to demonstrate a viable Eighth Amendment claim at this point.

IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Compassionate Release, (ECF No. 187), is **DENIED**.

**DATED** this __22__ day of January, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT