**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:08-cr-00027-GMN-GFW-1 |
| vs. ) | |
| ) | **ORDER** |
| GREGORY HOFFMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Gregory Hoffman's ("Defendant's") Motion for Sentence Reduction under 18 U.S.C. § 3582(c), (ECF No. 209), more commonly referred to as Motion for Compassionate Release. In lieu of a Response, the Government filed the pending Motion to Dismiss, (ECF No. 211), seeking dismissal of Defendant's Motion. Defendant did not file a Response to the Government's Motion to Dismiss.

Also pending before the Court is Defendant's Motion for Status Update.

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction, **GRANTS** the Government's Motion to Dismiss, and **GRANTS** Defendant's Motion for Status Update.[1]

**I.   BACKGROUND**

This is Defendant's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c). On January 22, 2021, the Court denied Defendant's first Motion for Compassionate Release because release was not warranted under the § 3553(a) factors. (Order, ECF No. 201). The Ninth Circuit affirmed. (Mem., ECF No. 205). The Court incorporates the background

---

[1] Defendant's Motion for Status Update requests an update on the status of the instant Motion for Sentence Reduction as well as an updated docket sheet for his case. This Order provides the requested update on the status of the Motion. The Court further orders the Clerk of Court to mail Defendant a copy of the docket sheet.

information and procedural history of this case from its previous Order denying compassionate release. (*See* Order 1:19–2:2).

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence; and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

Defendant's Motion for Sentence Reduction claims that compassionate release is warranted because the indictment against him was defective. (*See* Mot. Sentence Reduction at 12, ECF No. 209).  But, as the Government argues in its Motion to Dismiss, Defendant does not represent that he has exhausted his administrative remedies with the Bureau of Prisons. (*See* Mot. Dismiss 3:1–4, ECF No. 211); (*see generally* Mot. Sentence Reduction).  Admittedly, the

Court is unsure what exhaustion of administrative remedies would look like in Defendant's case because Defendant does not challenge the conditions of his confinement. However, this does not indicate a lack of available administrative remedies. Rather, this indicates that a motion for compassionate release is not the proper vehicle for the relief Defendant seeks.

Defendant argues that his "factually sparse indictment" violated his constitutional rights. (Mot. Sentence Reduction at 13). An insufficient indictment is cause for reversal of a conviction, not compassionate release. *See United States v. Cecil*, 608 F.2d 1294, 1295 (9th Cir. 1979). "[Defendant's] attempt to collaterally attack his convictions and sentence via a compassionate release motion ignores the established procedures for doing so," namely, 28 U.S.C. § 2255. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Accordingly, the Court DENIES Defendant's Motion for Sentence Reduction and GRANTS the Government's Motion to Dismiss.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 209), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss, (ECF No. 211), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Status Update (ECF No. 212) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of the docket sheet to Defendant.

Dated this  16   day of April, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT