1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

UNITED STATES OF AMERICA,　　　　　)

　　　　　　　　　　　　　　　　　　　　　　)

5　　　　　　　　　Plaintiff,　　　　　　　)　　Case No.: 2:08-cr-00027-GMN-GWF-1

　　　　vs.　　　　　　　　　　　　　　　　)

6　　　　　　　　　　　　　　　　　　　　　　)　　**ORDER DENYING DEFENDANT's**
GREGORY HOFFMAN,　　　　　　　　　　)　　**MOTION FOR SENTENCE**

7　　　　　　　　　　　　　　　　　　　　　　)　　**REDUCTION UNDER AMENDMENT**
　　　　　　　　　Defendant.　　　　　　　　)　　**821**

8　　　　　　　　　　　　　　　　　　　　　　)
　_____

9

10　　　　　Pending before the Court is Defendant Gregory Hoffman's Motion for Appointment of

11　Counsel, (ECF No. 216), requesting the Court appoint counsel to assist him in filing a motion

12　for sentence reduction under Amendment 821, which the Court liberally construes as a Motion

13　for Sentence Reduction Under Amendment 821. *See Erickson v. Pardus*, 551 U.S. 89, 94

14　(2007) ("A document filed pro se is to be liberally construed . . .").  Under General Order 2023-

15　09, the Federal Public Defender's Office was appointed to determine whether Defendant

16　qualified for his requested relief and was required within 30 days of a *pro se* motion for relief

17　under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or

18　a notice of non-eligibility.  Here, the FPD's office filed a notice of non-eligibility, explaining

19　that upon review of Defendant's "*pro se* filing" and "additional relevant documents" he "does

20　not qualify for a sentence reduction." (Notice Non-Eligibility 1:17–20, ECF No. 219).

21　　　　　For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence

22　Reduction Under Amendment 821 because he has not met his burden of showing a reduction is

23　warranted under the amendments to the United States Sentencing Guidelines.

24

25

1

## I.     BACKGROUND

2

3          In November 2009, Defendant pleaded guilty to two counts of the

4     Superseding Indictment—Count One of Transporting Child Pornography, in violation of 18

5     U.S.C. § 2252A(a)(1) and Count Four of Stalking, in violation of 18 U.S.C. § 2261A(2)(A).

6     (*See* Mins. Proceedings, ECF No. 42); (Judgment ("J."), ECF No. 64).  In April 2010, the Court

7     sentenced Defendant to 240 months' imprisonment as to Count One and 60 months'

8     imprisonment as to Count Four, to run consecutively, and to be followed by a lifetime term of

9     supervised release with special conditions. (*See* Mins. Proceedings, ECF No. 63); (J.).

10    Defendant now petitions the Court for a sentence reduction under Amendment 821 to the

11    United States Sentencing Guidelines, (ECF No. 216).

## II.     LEGAL STANDARD

12         A judgment of conviction that includes a sentence of imprisonment constitutes a final

13    judgment and may not be modified by a district court except in limited circumstances. 18

14    U.S.C. § 3582(b).  Section 3582(c)(2) establishes an exception to the general of finality. *Dillon*

15    *v. United States*, 560 U.S. 817, 824 (2010).  Specifically, § 3582(c)(2) provides,

16
17
18
19
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

20    18 U.S.C. § 3582.  Thus, under § 3582(c)(2), the Court must undertake a two-step process to

21    determine whether a final sentence should be modified based on a sentencing range that has

22    been lowered by the Sentencing Commission.

23         First, the Court must determine if a retroactive amendment to the Sentencing Guidelines

24    indeed lowered a defendant's guidelines range and whether a reduction is consistent with the

25

1    applicable policy statements. *Dillon*, 560 U.S. at 826.  Second, the Court must consider the §

2    3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

3    **III.    DISCUSSION**

4        Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and

5    applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg.

6    60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n,

7    https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024).  Amendment 821

8    is bifurcated into Parts A and B.  The Court begins by examining Defendant's eligibility for a

9    sentence reduction under Part A.

10       **A.  Part A – Amendment 821**

11       Part A of Amendment 821 limits the criminal history impact of "status points" under

12   U.S.S.G. § 4A1.1.  Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a

13   defendant who committed the instant offense "while under any criminal justice sentence,

14   including probation, parole, supervised release, imprisonment, work release, or escape status,"

15   previously received two additional criminal history points.  Amendment 821 amends § 4A1.1

16   to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal

17   history points; and (2) apply one point, instead of two, for defendants who otherwise present

18   seven or more criminal history points.

19       Defendant is not eligible for a sentence reduction under Part A because the application

20   of Amendment 821 does not have the effect of lowering his guideline range.  Defendant had

21   eight criminal history points at sentencing, placing him in Criminal History Category IV. (PSR

22   ¶ 67).  With a total offense level of 37 and a Criminal History Category of IV, Defendant had a

23   guideline range of 292 to 365 months imprisonment. (*Id.* ¶ 117).  However, the statutory

24   maximum term of imprisonment for Transporting Child Pornography, in violation of 18 U.S.C.

25   § 2252A(a)(1) is 20 years (240 months), and Stalking, in violation of 18 U.S.C. § 2261A(2)(A)

1    is five years (60 months). (*Id*. ¶ 115).  U.S.S.G. § 5G1.1 establishes that when "the statutorily

2    authorized maximum sentence is less than the minimum of the applicable guideline range," the

3    statutorily authorized maximum operates as the guideline sentence. U.S.S.G § 5G1.1.

4    Therefore, the guideline range at sentencing was the statutorily authorized maximums.

5            Following application of Amendment 821, Defendant's status points would be

6    eliminated, leaving him with a total of six criminal history points and lowering his Criminal

7    History Category to III. *See* U.S.S.G. ch. 5, part A.  Based on a total offense level of 37 and a

8    Criminal History Category of III, Defendant's amended advisory guideline range would be 262

9    to 327 months. *Id.*  But the minimum of Defendant's amended guideline range still exceeds the

10   statutory maximums for Defendant's offenses.  Therefore, the "statutorily authorized maximum

11   sentence remains the guideline sentence." *United States v. Blackwell*, No. 3:20-cr-126, 2024

12   WL 489155, at *2 (D. Conn. Feb. 8, 2024).  U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a]

13   reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. §

14   3582(c)(2) if . . . [Amendment 821] does not have the effect of lowering the defendant's

15   applicable guideline range."  Defendant's guideline range remains the statutorily authorized

16   maximum. Accordingly, a sentence reduction is not warranted under Part A.

17           **B.  Part B – Amendment 821**

18            "Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level

19   for certain zero-point offenders—that is, defendants with no criminal history whose offenses

20   meet the guideline's criteria." *Diaz-Diaz*, 2023 WL 9040636, at *1; *see also* U.S.S.G. §

21   4C1.1(a).  Defendant had eight criminal history points at sentencing. (PSR ¶ 67).  As a result,

22   Defendant does not qualify for Amendment 821's two-level reduction in the offense level and

23   his sentencing range remains unchanged. *Diaz-Diaz*, 2023 WL 9040636, at *1.

24           In sum, a sentence reduction is not warranted under Parts A and B to Amendment 821.

25   Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

1    IV.    **CONCLUSION**

2            **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under

3    Amendment 821, (ECF No. 216), is **DENIED**.

4            **DATED** this ___28___ day of February, 2024.

5

6                                                                    _____

7                                                                    Gloria M. Navarro, District Judge
                                                                     United States District Court
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25